IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 109-073 |
| | ) | |
| MARK JONES | ) | |

**ORDER**

Defendant Mark Jones filed two motions requesting that the government provide notice of its intention to rely on evidence at trial that is arguably subject to suppression. Defendant filed these motions to require the government to give notice of its intention to use any evidence in its evidence-in-chief at trial which he is entitled to discover under the Federal Rules of Criminal Procedure. Defendant seeks an opportunity to suppress any such evidence, attack the relevancy and materiality of such evidence, and review such evidence. Rule 12 of the Federal Rules of Criminal Procedure is not a discovery Rule. Furthermore, the Rule's purpose is limited to providing notice of discoverable evidence that Defendant may wish to suppress. To require the government to give notice of all the evidence to be used in the case would bring the government's investigation to an end. The Court is aware of the government's policy in this case to provide "open file" discovery, a policy which results in disclosure of documents and things not required to be disclosed pursuant to Rules 12 and 16 of the Federal Rules of Criminal Procedure. This should effectively eliminate any possibility of surprise.

It must be remembered that pursuant to Rule 12(b)(4)(B), "the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." It is clear that what the government is required to disclose early on in the pendency of the case is evidence gathered from searches and seizures including electronic monitoring, and statements and confessions, all of which may be subject to suppression upon motion by Defendant. In essence the Rule requires the government to make early disclosure of these matters to allow the Court to determine any suppression motions prior to trial thereby avoiding needless delay during trial. The government's "open file" discovery policy in this case addresses all of these concerns. The government is reminded that its duty to disclose is a continuing one, and any "arguably" suppressible evidence coming into its possession after its initial discovery disclosures must be disclosed as soon as practicable. Accordingly, Defendant's motions are **MOOT**. (Doc. nos. 116-1, 121).

Defendant also seeks an extension of time in which to file his motion to suppress seized evidence, as well as to file any other additional motions. (Doc. nos. 116-2, 130). At Defendant's arraignment on June 16, 2009, the Court ordered that all motions in this case were to be filed within ten (10) days of the date of arraignment and that untimely motions would not be considered absent a showing of good cause for failure to file within the time

set by the Court.[1] (Doc. no. 19, p. 1). Then, upon the motion of defense counsel (doc. no. 53), on June 26, 2009, the Court entered an Order extending the standard 10-day deadline for filing pre-trial motions for all Defendants in this multi-defendant drug conspiracy case. (Doc. no. 56). The Court reasoned that an extension until August 10, 2009 to file motions was appropriate because of the voluminous discovery that included over 2,400 pages of documentary evidence, ten compact discs containing recordings of numerous intercepted wire communications, and one compact disc containing photographs from searches. (Id. at 1). As the standard time for filing pre-trial motions has already been more than tripled, and in light of the extensive discovery described above that has already been provided by the government, these motions for an extension of time to file a motion to suppress and/or any other additional motions are **DENIED**, with the caveat that this Order does not prohibit Defendant from making his showing of cause contemporaneously with the filing of out-of-time motions.

Defendant next moves for independent examination of physical evidence in the case. (Doc. no. 122). This motion is **GRANTED**, subject to the following terms and conditions:

(a) Counsel for Defendant must determine which items of physical evidence he wishes to have tested or examined by experts of his own choosing and submit a list of such items to the government;

(b) Counsel for Defendant shall confer with the government's attorney to work out the availability of substances or materials to be tested;

---

[1] A motion may not be filed outside the deadlines set by this Court at arraignment except by leave of Court upon a showing of cause. United States v. Smith, 918 F.2d 1501, 1509 (11th Cir. 1990); Fed. R. Crim. P. 12(c), (e).

(c) Any testing by experts on behalf of Defendant must be completed within fifteen (15) days of the date of this Order;

(d) A representative of the government qualified in the field of such testing shall be present to observe the testing procedures and technique used by Defendant's experts. In addition, testing shall not be performed without the presence of the government's technical observer; and

(e) A copy of the test or laboratory results obtained by Defendant's experts shall be served upon the government's representative not later than five (5) days after conducting the actual test.

Defendant also filed a motion to preserve evidence, including rough notes of agents. (Doc. no. 128). Defendant does not demand disclosure or production of this evidence, merely preservation. While this material is not generally discoverable, it may later during trial have probative value for purposes of impeachment. The small inconvenience to the government is outweighed by Defendant's interest in a fair trial and the possibility that among the evidence there could be an item later needed for use at trial. The motion is **GRANTED**. The government is required to preserve all evidence in this case.

Lastly, Defendant filed two motions to suppress.[2] In the "Preliminary Motion to Suppress Wiretaps," Defendant requests that the Court enter "an Order suppressing the contents of wire communications and all evidence derived therefrom which resulted from court-authorized wire interceptions" and then lists several general allegations of wrong-doing

---

[2] The Court is aware that Defendant has various other pre-trial and discovery motions pending. Those motions will be addressed, as necessary, by separate order.

4

without the benefit of citation to any supporting evidence or an affidavit from Defendant. (Doc. no. 133, pp. 1-2). The motion concludes with a request for an evidentiary hearing. (Id. at 2). Defendant also filed a "Preliminary Motion to Suppress," in which he requests an order that will suppress "evidence, substances, tangible items, including any statements made by the Defendant to Government agents and any oral or wire communications intercepted illegally by wiretap or other electronic device, which was obtained in violation of Defendant's Fourth, Fifth or Sixth Amendment rights, or in contravention of 18 U.S.C. § 2510 et seq." (Doc. no. 132, p. 1). Notably, although there is no specific factual detail supporting the motion, Defendant requests that the Court hold an evidentiary hearing on the motion (id. at 1-2), presumably to develop sufficient facts to support Defendant's general allegations.

As explained above, on June 26, 2009, the Court entered an Order extending the standard 10-day deadline for filing pre-trial motions for all Defendants in this multi-defendant drug conspiracy case. (Doc. no. 56). However, in granting the extension, the Court stated, "All counsel are specifically cautioned that because of this extension, 'preliminary' motions to suppress, sever, or dismiss will not be looked upon favorably. All motions must comply with Loc. Crim. R. 12.1, including the provisions concerning affidavits and citations to record evidence." (Id. at 2). These preliminary motions filed by Defendant on August 7, 2009 in no way comply with Loc. Crim. R. 12.1, as they were filed without an affidavit(s) in support from Defendant and without any evidentiary support, despite the fact that the extensive discovery described above has already been provided by the government. Therefore, these motions are **NULLITIES**. (Doc. nos. 132, 133). Should Defendant desire

5

to file a particularized motion at a time subsequent to this Order, he must adequately explain his failure to timely file the same.

SO ORDERED this 18th day of August, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE