IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

UNITED STATES OF AMERICA        )
                                )
        v.                      )        CR 109-073
                                )
MARK JONES                      )
SYLVESTER RUBEN LEWIS           )
JAIMERE PROSSER                 )

---

**O R D E R**

---

In the above-captioned criminal case, the government has collectively accused ten Defendants of participating in a drug conspiracy and has variously accused individual Defendants of numerous crimes committed in relation to that conspiracy. The matter is now before the Court on the motions for severance filed by Defendants Mark Jones, Sylvester Ruben Lewis, and Jaimere Prosser. (Doc. nos. 131, 153, 172). The three motions generally argue, without specific factual support, that the moving Defendants will be impermissibly prejudiced by a joint trial because the jury will be unable to sort through the evidence that may be admissible against one Defendant but not another, thereby resulting in "spillover" prejudice. For the reasons developed more fully herein, the motions for severance are **DENIED**.

**I.    DISCUSSION**

    **A.    Is Initial Joinder Proper?**

When multiple defendants are indicted, joined offenses must be reviewed initially under the standard set forth under Fed. R. Crim. P. 8(b). United States v. Grassi, 616 F.2d

1295, 1302 (5th Cir. 1980).[1]  Fed. R. Crim. P. 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately.  All defendants need not be charged in each count.

Defendants who are jointly indicted should be tried together, especially if they are charged with conspiracy.  United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005); United States v. Cassano, 132 F.3d 646, 651 (11th Cir. 1998); United States v. Meester, 762 F.2d 867, 883 (11th Cir. 1985).

The Eleventh Circuit has construed the "same series of acts or transactions" language of Rule 8(b) to require the government to "demonstrate that the acts alleged are united by some substantial identity of facts and or participants." United States v. Wilson, 894 F.2d 1245, 1253 (11th Cir. 1990) (quoting United States v. Morales, 868 F.2d 1562, 1569 (11th Cir. 1989)). Each participant need not have been involved in every phase of the scheme or to know each of the other participants' roles and identities.   United States v. Alred, 144 F.3d 1405, 1415 (11th Cir. 1998); Wilson, 894 F.2d at 1253 (citing United States v. Andrews, 765 F.2d 1491, 1496 (11th Cir. 1985)).  Moreover, at this pleading stage, the government need not provide sufficient evidence to support joinder; that is, the Court need only consider the allegations in the indictment.  Morales, 868 F.2d at 1568.

Here, the conspiracy alleged in Count One in the indictment refers to "the defendants" collectively and alleges that all ten Defendants "did knowingly and intentionally combine,

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

conspire, confederate, and agree together with each other . . . to commit certain offenses against the United States."[2] (Doc. no. 3, p. 2). The remainder of the charges in the indictment relate to the various methods by which these objectives were allegedly achieved. A fair construction of the allegations in the conspiracy count reveals that all of Defendants' roles were central and indispensable to the overall success of the scheme and participated in the same series of acts or transactions required for joinder under Rule 8(b).[3]

### B. Prejudice At a Joint Trial?

Once Rule 8(b) has been satisfied by the allegations in the indictment, severance is governed entirely by Fed. R. Crim. P. 14, which recognizes that even proper joinder under Rule 8(b) may prejudice a defendant or the government. United States v. Lane, 474 U.S. 438, 447 (1986). Rule 14(a) provides:

> **Relief**. If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district court. Zafiro v. United States, 506 U.S. 534, 541 (1993). Following Zafiro, the Court must order severance only where there is a serious risk that a joint trial will

---

[2]The offenses committed against the United States are identified as (1) possession with intent to distribute and distribution of fifty (50) grams or more of cocaine base, and (2) possession with intent to distribute and distribution of a quantity of cocaine hydrochloride. (Doc. no. 3, p. 2).

[3]Again, the Court notes that the law does not require that each defendant be involved in every aspect of the conspiracy. See generally United States v. LaChance, 817 F.2d 1491, 1495 (11th Cir. 1987).

compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Id. at 539.

However, even where prejudicial joinder is shown, Rule 14 does not mandate severance; it is within the trial court's discretion to determine the appropriate remedy. Id. at 538-39; Lane, 474 U.S. at 449 n.12. Indeed, to receive relief under Fed. R. Crim. P. 14, the defendant must show "specific and compelling prejudice." LaChance, 817 F.2d at 1495. The courts have recognized that some degree of prejudice is inherent in every joint trial, but "only in the event such prejudice appears to be compelling does severance become warranted." United States v. Harris, 908 F.2d 728, 736 (11th Cir. 1990) (citing United States v. Roper, 874 F.2d 782, 789 (11th Cir. 1989)). The compelling prejudice requirement is not satisfied simply because much of the evidence presented at trial is admissible only against a co-defendant. United States v. Pritchett, 908 F.2d 816, 822 (11th Cir. 1990). The Eleventh Circuit has defined compelling prejudice as follows:

> 'Compelling prejudice' means that the jury will not be able to 'collate and appraise the independent evidence against each defendant. . . .' Though the task be difficult, unless the jury is unable to perform it, severance should not be granted. Coconspirators should be tried jointly in the interests of judicial economy, and severance is not warranted even if a defendant participated in only a single aspect of the conspiracy.

United States v. Nixon, 918 F.2d 895, 906 (11th Cir. 1990) (quoting United States v. Sans, 731 F.2d 1521, 1533 (11th Cir. 1984)). This compelling prejudice standard was not met in United States v. Kopituk, 690 F.2d 1289, 1320 (11th Cir. 1982) (trial lasted seven months, 130 witnesses were heard, and the trial filled 22,000 pages of transcript), nor in United States v. Phillips, 664 F.2d 971, 985-86 & n.4 (5th Cir. Unit B Dec. 28, 1981) (100-page indictment and

4

a trial producing 12,000 pages of transcript), *superseded on other grounds*, United States v. Huntress, 956 F.2d 1309 (5th Cir. 1992).

Moreover, severance is only required where the jury cannot "separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to [that defendant]." United States v. Lippner, 676 F.2d 456, 464 (11th Cir. 1982). Indeed, a limiting instruction will normally "suffice to cure any risk of prejudice." Zafiro, 506 U.S. at 539; Richardson v. Marsh, 481 U.S. 200, 211 (1987); Baker, 432 F.3d at 1236-37. "[I]t is presumed that cautionary instructions to the jury to consider the evidence separate as to each defendant will adequately guard against prejudice." United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989); Kopituk, 690 F.2d at 1320 (finding that cautionary instruction is "most efficacious tool to protect against" danger of spillover prejudice). Defendants bear a "heavy burden" to establish "clear and compelling prejudice" from including a challenged count which could not be alleviated by the trial court and thereby prevent them from having a fair trial. United States v. Kabbaby, 672 F.2d 857, 861 (11th Cir. 1982) (*per curiam*). It is also well settled that criminal defendants are not entitled to severance simply because separate trials would provide better chances of acquittal. Zafiro, 506 U.S. at 540.

Nevertheless, in the Eleventh Circuit, there are several situations where Rule 14 severance should be considered. United States v. Blankenship, 382 F.3d 1110, 1123-24 (11th Cir. 2004) (disparity in quantum of proof may justify severance in extreme cases where cautionary instruction could not furnish cure); United States v. Diaz, 248 F.3d 1065, 1101 (11th Cir. 2001) (prejudicial spillover); United States v. Watchmaker, 761 F.2d 1459, 1476-77 (11th Cir. 1985) (prejudicial spillover); see also United States v. Esle, 743 F.2d 1465, 1476 (11th Cir. 1984) (antagonistic defenses conflicting to the point of being irreconcilable and

5

mutually exclusive), *overruled on other grounds by* <u>Blankenship</u>, 382 F.3d at 1122 n.23; <u>United States v. Taylor</u>, 508 F.2d 761, 763-65 (5th Cir. 1975) (introduction of non-testifying co-defendant's confession inculpating moving defendant). This list is by no means exhaustive. It simply provides a helpful reference for considering the types of situations which might trigger severance under Rule 14.

In the instant case, each of the three Defendants moving for severance generally argue, without specific factual support, that they will be impermissibly prejudiced by a joint trial because the jury will be unable to sort through the evidence that may be admissible against one Defendant but not another. Notably, however, they completely fail to identify what evidence the government may introduce against a Co-Defendant which would be inadmissible against them. Therefore, these arguments must fail because there is no factual predicate allowing the Court to determine whether any remedy short of severance is appropriate. As explained earlier, the moving defendant must show "clear and compelling prejudice" to the conduct of his defense. <u>Kabbaby</u>, 672 F.2d at 861. These three Defendants moving for severance have not done so.

To the extent that the motions suggest that these three Defendants will be prejudiced by "guilt by association" or "prejudicial spillover," they have also completely failed to overcome the dual presumptions that a jury will capably sort through the evidence and faithfully follow limiting instructions to consider the evidence against each defendant separately. <u>Zafiro</u>, 506 U.S. at 540; <u>Richardson</u>, 481 U.S. at 211. Again, the Court must order severance only where there is a serious risk that a joint trial will compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about

guilt or innocence. <u>Zafiro</u>, 506 U.S. at 539. Bare assertions of prejudice will not suffice. <u>Id.</u> at 539-40.

## II.   CONCLUSION

In sum, there is nothing before this Court suggesting in any probative way that severance is necessary. None of the three Defendants moving for severance have made any showing whatsoever that the evidence in this case is so voluminous or complex that a properly instructed jury honestly and diligently seeking the truth cannot properly perform its fact finding function. Nor have they offered any specific information about evidence that would be admissible against one Defendant but inadmissible against another at a jury trial. Therefore, the motions for severance are **DENIED**.[4] (Doc. nos. 131, 153, 172).

SO ORDERED this _11th_ day of September, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4] To the extent Defendant Prosser raises an alternative request that his motion be considered a "preliminary" motion so that he can raise other arguments for severance after the deadline for filing pre-trial motions (doc. no. 153, ¶ 3), that request is likewise **DENIED**. On June 26, 2009, the Court entered an Order extending the standard 10-day deadline for filing pre-trial motions for all Defendants in this case. (Doc. no. 56). The Court reasoned that an extension until August 10, 2009 to file motions was appropriate because of the voluminous discovery provided by the government. (<u>Id.</u> at 1). However, in granting the extension, the Court stated, "All counsel are specifically cautioned that because of this extension, 'preliminary' motions to suppress, sever, or dismiss will not be looked upon favorably. All motions must comply with Loc. Crim. R. 12.1, including the provisions concerning affidavits and citations to record evidence." (<u>Id.</u> at 2). Thus, the arguments raised in Defendant Prosser's motion for severance filed on August 10, 2009 (doc. no. 153) are the only arguments for severance the Court will consider. Should he desire to file another motion for severance at a later date, he must show good cause for his untimely filing. <u>United States v. Smith</u>, 918 F.2d 1501, 1509 (11th Cir. 1990) (explaining that a motion may not be filed outside the deadlines set by the court except by leave of court upon a showing of cause); Fed. R. Crim. P. 12(c), (e).